**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50305 |
| Plaintiff-Appellee, | 16-50020 |
| v. | D.C. No. 2:12-cr-00631-ODW-1 |
| KELLY GEARHART, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,[**] District Judge.

Defendant Kelly Gearhart appeals from the district court's imposition of a

168-month sentence and a restitution award for his guilty plea convictions for mail

fraud, wire fraud, and money laundering.  As the parties are familiar with the facts,

we do not recount them here.  We have jurisdiction pursuant to 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

§ 3742(a) and 28 U.S.C. § 1291. We vacate the sentence and remand for resentencing.

1. As the government concedes, it was plain error for the district court to impose a 168-month sentence concurrently on counts 13, 14, and 15 because the maximum sentence for a violation of 18 U.S.C. § 1957 (count 15) is 120 months. 18 U.S.C. § 1957(b)(1). Accordingly, we vacate the 168-month sentence and remand for the district court to resentence on count 15 within the statutorily allowable range.

2. In addition, Gearhart asserts that the district court failed to rule on numerous factual disputes which affected the ultimate Guidelines calculation. Federal Rule of Criminal Procedure 32(i)(3)(B) requires that a court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" We have interpreted this requirement to mean that "all Rule 32 findings must be express or explicit." *United States v. Doe*, 705 F.3d 1134, 1155 (9th Cir. 2013) (internal quotations and citation omitted). But we have also clarified that "[t]he purpose and context of [Rule 32] demonstrate that the district court need only address unresolved objections to the presentence report that relate to matters in controversy." *United States v. Petri*, 731 F.3d 833, 838 (9th Cir.

2013).

A finding that Heritage Oaks Bank and San Luis Trust Bank were aware of the partial reconveyances of lots Gearhart had promised to other investors would impact whether these banks were actual victims of Gearhart's fraud. If Heritage Oaks Bank and San Luis Trust Bank were not victims, Gearhart's Guidelines calculation would change with respect to the total loss amount as well as the enhancement for gross receipt of more than $1 million from financial institutions. Thus, the district court was required to make a specific factual finding as to this matter.

Resolving the exact amounts that each individual investor loaned Gearhart may not materially change the sentencing determination because even if these disputes were resolved in favor of Gearhart, the amount of losses would still result in a Guidelines loss figure in excess of the $7,000,000 threshold. But the scope of the joint undertaking between Gearhart and Miller is directly relevant to whether all of the Hurst investors should be considered victims. Accordingly, we remand for the district court to make a specific factual finding as to the scope of the joint undertaking.

3. The government submitted victim impact letters on behalf of 38 individuals to inform sentencing. It then recommended a procedure for the court to address the letters. Only two of the 38 letters were determined to be from victims

3

for the purposes of sentencing. Nevertheless, during the July 2, 2015, sentencing hearing, the district court stated, "I strongly believe that there are hundreds of victims, and that feeling comes from all of these letters that were written where many times each of these individual victims discuss the investors' meetings where over a thousand people are present." It also stated, "I was greatly touched by the numerous letters that I'd read from some of the elderly investors[.]"

Thus, it appears that the district court did take all of the victim letters into account when determining Gearhart's sentence even though most of those individuals were not found by clear and convincing evidence to be victims of Gearhart's offense. Although "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence[,]" 18 U.S.C. § 3661, information from individuals not determined to be victims does not concern the background, character, and conduct of the defendant. Accordingly, the district court erred by considering the victim impact letters of individuals not determined to be victims of Gearhart's offense.[1]

4. Additionally, the district court's unwillingness to spend time calculating

---

[1] Because we find reversible procedural error, we do not reach the sentence's substantive reasonableness. *See, e.g., United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006).

4

restitution awards was a violation of the requirement to determine proximate causation. 18 U.S.C. § 3663A(a)(2) states that a "victim" for restitution purposes "means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered[.]" Here, the district court did not conduct an inquiry into whether all of the Hurst investors were proximately harmed by Gearhart, and instead required the parties to agree upon a blanket percentage offset. Thus, we remand for the district court to determine whether each victim suffered losses proximately caused by Gearhart, what those losses were, and to award restitution accordingly. *Cf. United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010) (affirming the district court's restitution award because it had a "clear legal and factual basis for ordering restitution . . . for the amount of loss sustained by each victim directly and proximately harmed as a result of th[e] offense").

5. Finally, we deny Gearhart's request for reassignment, as this case does not present the "rare and extraordinary circumstances" needed to justify relief. *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (citation omitted).

**VACATED AND REMANDED.**

5